UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

RANDALL K. VAN CLEAVE, )
)
                      Plaintiff, )
)
vs. ) Case No. 1:14-cv-0349-JMS-TAB
)
BRUCE LEMMON, et al., )
)
                      Defendants. )

**Entry Discussing Complaint, Dismissing Insufficient Claims,
and Severance of Claims**

**I. Background**

The plaintiff, Randall K. Van Cleave ("Mr. Van Cleave"), is incarcerated at the New Castle Correctional Facility. He brings this civil rights complaint pursuant to 42 U.S.C. § 1983, alleging that he has been denied adequate medical care. He has named 27 defendants, including employees of three different prisons and several John Doe defendants. He sues the defendants in their individual and official capacities. He seeks compensatory damages and injunctive relief.

Mr. Van Cleave has paid the initial partial filing fee. The complaint is now subject to the screening required by 28 U.S.C. ' 1915A(b). This statute directs that the Court dismiss a complaint or any claim within a complaint that "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.* "A complaint is subject to dismissal for failure to state a claim if the allegations, taken as true, show the plaintiff is not entitled to relief." *Jones v. Bock,* 549 U.S. 199, 215 (2007).

## II. Dismissal of Certain Claims

Claims against all unknown John Doe defendants are **dismissed** for failure to state a claim upon which relief can be granted because "it is pointless to include [an] anonymous defendant [ ] in federal court; this type of placeholder does not open the door to relation back under Fed.R.Civ.P. 15, nor can it otherwise help the plaintiff." *Wudtke v. Davel*, 128 F.3d 1057, 1060 (7th Cir. 1997) (internal citations omitted). Bringing suit against unnamed, or "John Doe," defendants in federal court is generally disfavored by the Seventh Circuit. If through discovery, Mr. Van Cleave is able to learn the name of the unknown defendants, he may seek leave to add a claim against them.

Section 1983 liability requires a defendant's personal involvement in the alleged constitutional violation. *Munson v. Gaetz*, 673 F.3d 630, 637 (7th Cir. 2012). No allegations of wrongdoing in relation to Mr. Van Cleave's medical care are alleged against state-wide defendants Commissioner Lemmon and GEO Group, or against the Superintendent of Putnamville. Therefore, these defendants, Commissioner Lemmon, GEO Group, and the Superintendent of Putnamville shall be **dismissed** from the action before any cases are severed.

Defendants Commissioner Lemmon, GEO Group, all John Does, and the Superintendent of Putnamville shall be **terminated** from the docket. No partial final judgment shall issue as to the dismissal of these claims.

## III. Claims Asserted

The circumstances alleged by Mr. Van Cleave occurred between June 22, 2011, and the date he signed his complaint, January 18, 2014. As noted, he asserts claims against numerous defendants employed at the Reception Diagnostic Center ("RDC"), Putnamville Correctional

Facility ("Putnamville"), and New Castle Correctional Facility ("New Castle"), along with some statewide defendants. The Court has grouped the remaining defendants as follows:

**RDC Group** - 1) RDC Superintendent, and 2) Dr. Jill Gallien,

**Putnamville Group** - 3) Dr. Paul J. O'Brien, 4) Nurse Nicole Webster, 5) Nurse Practitioner Barnes, 6) Dr. Naveen Rajoli,

**New Castle Group** - 7) Warden Keith Butts, 8) Superintendent F. Zenk, 9) Health Care Unit Administrator Robert Burns, 10) Dr. Christopher Nelson, 11) Nurse Brad Owens, 12) Dr. Michael Person, 13) Becky Joiner, 14) M.H.P. Therapist Chris Hufford, 15) Nurse Practitioner Penelope Wadleigh, 16) transportation officer Cross,

**Statewide Defendants** - 17) Corizon, and 18) Dr. Michael Mitcheff of Corizon.

In *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007), the Court of Appeals explained that A[u]nrelated claims against different defendants belong in different suits.@ The complaint does not set forth any claim that properly joins all defendants.

In such a situation, "[t]he court may . . . sever any claim against a party." FED. R. CIV. P. 21. Generally, if a district court finds that a plaintiff has misjoined parties, the Court should sever those parties or claims, allowing those grievances to continue in spin-off actions, rather than dismiss them. *Elmore v. Henderson*, 227 F.3d 1009, 1012 (7th Cir. 2000).

### IV. Claims Against Putnamville Group

The Court discerns the principal claims in this action are asserted against medical providers at Putnamville. Mr. Van Cleave alleges that the medical defendants failed to provide adequate treatment for his serious medical needs, which resulted in a below the right knee amputation on March 3, 2012. He alleges that in February of 2012, he complained to Dr. Paul J. O'Brien, Nurse Practitioner Barnes, Nurse Nicole Webster, and Dr. Naveen Rajoli of severe pain

in his leg and foot and his history of blood clots but they failed to provide him a wheelchair or other treatment until he was sent to the hospital on March 1, 2012.[1] **These claims shall proceed in this action.**

## V. Service of Process

The clerk is designated pursuant to *Fed. R. Civ. P.* 4(c) to issue process to defendants Dr. Paul J. O'Brien, Nurse Practitioner Barnes, Nurse Nicole Webster, and Dr. Naveen Rajoli in the manner specified by Rule 4(d). Process shall consist of the complaint filed on March 6, 2014 (docket 1), the attachments thereto, applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons), and this Entry.

## VI. Severance of Claims

As discussed above, the other claims asserted in the complaint are misjoined. The misjoined claims shall either be severed into two new actions or dismissed without prejudice. The plaintiff is the master of his complaint and shall be given the opportunity to determine which course is followed. *Myles v. United States,* 416 F.3d 551, 552 (7th Cir. 2005) (noting that the composition and content of the complaint are entirely the responsibility of the plaintiff, for "even *pro se* litigants are masters of their own complaints and may choose who to sue-or not to sue"). If new actions are opened, the plaintiff will be responsible for a filing fee for each new case and the screening requirement of 28 U.S.C. § 1915A(b) will be triggered for each new case.

---

[1] The Court acknowledges that Mr. Van Cleave also alleges that on March 6, 2012, two unknown transport officers lifted and dropped him while placing him in the back of a bus, causing him to land on his right amputated leg. He required a second amputation above the right knee on March 28, 2012. As discussed above, however, there is not yet an identified defendant for this claim.

The plaintiff shall have **through May 28, 2014,** in which to **notify the Court** whether he wishes the Court to sever any claim(s) into new actions, and if so, he shall identify which claims against which defendants. If the plaintiff fails to so notify the Court, the misjoined claims will be considered abandoned and will be dismissed without prejudice.

**IT IS SO ORDERED.**

Date: 05/07/2014

*Jane Magnus-Stinson*
Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

Randall K. Van Cleave
129896
New Castle Correctional Facility
Inmate Mail/Parcels
1000 Van Nuys Road
New Castle, IN 47362

Dr. Paul J. O'Brien
Nurse Practitioner Barnes
Nurse Nicole Webster
Dr. Naveen Rajoli                all at:   Putnamville Correctional Facility
                                           1946 West U.S. Hwy 40
                                           Greencastle, IN 46135

**NOTE TO CLERK: PROCESSING THIS DOCUMENT REQUIRES ACTIONS IN ADDITION TO DOCKETING AND DISTRIBUTION.**