UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| RANDALL K. VAN CLEAVE, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>DR. PAUL J. O'BRIEN, et al., )<br>)<br>Defendants. ) | Case No. 1:14-cv-0349-JMS-TAB |

**Entry Discussing Defendants' Motion for Summary Judgment
and Directing Entry of Final Judgment**

**I.  Background**

Plaintiff Randall Van Cleave ("Mr. Van Cleave") is an Indiana prisoner incarcerated at all relevant times at the Putnamville Correctional Facility ("Putnamville"). His civil rights complaint was brought pursuant to 42 U.S.C. § 1983. Mr. Van Cleave alleges that in February 2012, defendants Dr. Paul J. O'Brien, Nurse Practitioner Barnes, Nurse Nicole Webster, and Dr. Naveen Rajoli failed to provide adequate treatment for his serious medical needs, which resulted in a below the right knee amputation on March 3, 2012. He seeks compensatory damages.

The defendants filed a motion for summary judgment seeking resolution of the claims against them based on the affirmative defense that Mr. Van Cleave failed to exhaust his available administrative remedies prior to filing this action. Mr. Van Cleave opposed the motion for summary judgment and the defendants replied.

For the reasons explained in this Entry, the defendants' motion for summary judgment [dkt. 31] must be **granted.**

## II. Discussion

*A.     Legal Standards*

Summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." *Fed. R. Civ. P.* 56(a). A "material fact" is one that "might affect the outcome of the suit." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). A dispute is genuine only if a reasonable jury could find for the non-moving party. *Id.* If no reasonable jury could find for the non-moving party, then there is no "genuine" dispute. *Scott v. Harris,* 550 U.S. 372, 380 (2007). The Court views the facts in the light most favorable to the non-moving party and all reasonable inferences are drawn in the non-movant's favor. *Ault v. Speicher*, 634 F.3d 942, 945 (7th Cir. 2011).

"The applicable substantive law will dictate which facts are material." *National Soffit & Escutcheons, Inc., v. Superior Systems, Inc.,* 98 F.3d 262, 265 (7th Cir. 1996) (citing *Anderson,* 477 U.S. at 248). The substantive law applicable to the motion for summary judgment is the Prison Litigation Reform Act ("PLRA"), which requires that a prisoner exhaust his available administrative remedies before bringing a suit concerning prison conditions. 42 U.S.C. § 1997e(a); *see Porter v. Nussle,* 534 U.S. 516, 524-25 (2002).

"Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Woodford v. Ngo,* 548 U.S. 81, 90-91 (2006) (footnote omitted); *see also Dale v. Lappin,* 376 F.3d 652, 655 (7th Cir. 2004) ("In order to properly exhaust, a prisoner must submit inmate complaints and appeals 'in the place, and at the time, the prison's administrative rules require.'") (quoting *Pozo v. McCaughtry,* 286 F.3d 1022,

1025 (7th Cir. 2002)). "In order to exhaust administrative remedies, a prisoner must take all steps prescribed by the prison's grievance system." *Ford v. Johnson,* 362 F.3d 395, 397 (7th Cir. 2004).

  B. *Undisputed Facts*

On the basis of the pleadings and the expanded record, and specifically on the portions of that record which comply with the requirements of Rule 56(c), the following facts, construed in the manner most favorable to Mr. Van Cleave as the non-movant, are undisputed for purposes of the motion for summary judgment:

Mr. Van Cleave was incarcerated at Putnamville from July 20, 2011, until March 6, 2012. As an inmate incarcerated at Putnamville, he had access to the Offender Grievance Process to grieve any concerns about the conditions of his confinement, including medical issues. The grievance process consists of three stages. First, an offender must attempt to resolve the grievance informally through officials at the prison by contacting staff to discuss the matter subject to the grievance and seeking informal resolution. If the offender is unable to obtain a resolution of the grievance informally, he may submit a formal written complaint (Offender Grievance) on State Form 45471. If the Offender Grievance is not resolved in a manner that satisfies the offender, the offender may submit an appeal (Offender Grievance Appeal) on State Form 45473. A grievance must be filed within twenty (20) working days from the date of the alleged incident.

During his incarceration at Putnamville, Mr. Van Cleave did not file any grievances. On June 4, 2013, when at a different prison, he filed his first grievance concerning inadequate medical care, but the content of that grievance and who it was filed against are not part of the record.

  C. *Analysis*

The defendants argue that Mr. Van Cleave failed to exhaust his administrative remedies with respect to all of his claims in this action. Mr. Van Cleave responds with no evidence, but he argues that he "did not know to file a grievance on medical" claims until over a year after he was confined at Putnamville.[1] Plaintiff's Response, dkt. 37, p. 2. Mr. Van Cleave also contends that he did not have the opportunity to file a grievance because after he was taken to the hospital on March 1, 2012, he was moved to a different prison. The Court will discuss both of his theories, lack of knowledge and unavailability, in turn.

With respect to any lack of knowledge, even if the Court ignores for the present the fact that Mr. Van Cleave's response was "the truth to the best of my knowledge," dkt. 37, p. 3, and is therefore not in the form of an affidavit or declaration sworn under penalty of perjury as required by 28 U.S.C. § 1746, he does not contend that he was unaware that the grievance policy existed. The PLRA does not make an exception for denial of medical treatment claims. Indeed, "the PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter,* 534 U.S. at 532.

His next argument that he could not file a grievance at a different prison is also unavailing. The Court has considered the timing of the alleged incidents of improper medical care. In his complaint, Mr. Van Cleave alleged that when he was incarcerated at Putnamville in July of 2011, he discussed his blood clots and wanting Plavix blood thinner medication with Dr. O'Brien and Nurse Practitioner Barnes, but neither one did anything about either issue. He alleged that he saw

---

[1] The plaintiff's response was due April 10, 2015. The defendants urge the Court to disregard the plaintiff's response filed on April 16, 2015. The plaintiff's response was dated March 29, 2015. Giving the plaintiff every benefit of the "mailbox rule" even though he did not assert what day he actually placed his filing in the prison mail system, the Court will consider the plaintiff's response.

Nurse Webster on an emergency sick call on February 19, 2012, for low blood sugar. Nurse Webster also checked his foot, said no blood clots were indicated, denied his request for a wheelchair, and did not refer him to a doctor. He further alleged that on February 22, 2012, he saw Dr. Rajoli for a sinus infection and a foot exam. Mr. Van Cleave tried to tell Dr. Rajoli about his blood clots but the doctor did not listen. Dr. Rajoli also denied his request for a wheelchair. Mr. Van Cleave also alleged that on February 24, 2012, his foot became infected but when he saw Dr. Rajoli on February 25, 2012, he refused to check Mr. Van Cleave's foot.

Under these circumstances, Mr. Van Cleave's contention that he did not have an opportunity to file a grievance is not sufficient to create a genuine issue of material fact. Beginning on February 19, 2012, there were several incidents in which he was allegedly denied medical care for which he could have at least sought an informal resolution at Putnamville. Even if the incidents had occurred the same day he was transferred, he has presented no evidence showing that he tried to file a grievance at the new facility but it was refused. He does not allege or present evidence showing that any prison staff prevented him in any way from exhausting his administrative remedies.

The record is therefore undisputed that Mr. Van Cleave failed to timely and properly complete the administrative grievance process with respect to his claims before he filed this action. The Seventh Circuit "has taken a strict compliance approach to exhaustion." *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006). Mr. Van Cleave did not take the steps necessary to complete the exhaustion process, nor has he presented any evidence which could excuse his failure to do so. Therefore, in light of 42 U.S.C. § 1997e(a), the claims against the defendants should not have been brought and must now be dismissed without prejudice. *See Ford,* 362 F.3d at 401 ("We therefore hold that *all* dismissals under § 1997e(a) should be without prejudice.").

### III. Conclusion

For the reasons set forth above, the defendants' motion for summary judgment [dkt. 31] is **granted.** Final judgment consistent with this Entry and with the Entries of May 7, 2014, and June 25, 2014, in which other defendants were dismissed, shall now issue.

**IT IS SO ORDERED.**


Date:  07/01/2015

_Jane E. Magnus-Stinson_
Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

Randall K. Van Cleave
129896
Plainfield Correctional Facility
Inmate Mail/Parcels
727 Moon Road
Plainfield, IN   46168

Electronically registered counsel